**Elizabeth H. ANDERSON Plaintiff**

v.

**Michael J. DIXSON and Hogan Hardwoods and Laminate, Inc. Defendants**

**No. CIV.A. 3:03–CV–1301BN.**

United States District Court, S.D. Mississippi, Jackson Division.

Sept. 16, 2004.

Curt Crowley, Jackson, MS, for the Plaintiff, Elizabeth H. Anderson.

Robert S. Addison, Carolyn Curry Satcher, Jackson, MS, for the Defendants, Michael J. Dixson and Hogan Hardwoods and Laminate, Inc.

## ORDER

BARBOUR, District Judge.

This case is before the Court on Plaintiff's Motion for Leave to Conduct Voir Dire Examination Regarding Tort Reform, Frivolous Lawsuits, Insurance and Insurance Bias. The Court has considered the Motion, Plaintiff's Memorandum in support thereof, the Response of the Defendant, and the Plaintiff's Rebuttal and finds that the Motion is well taken in part and not well taken in part and should be granted in part and denied in part.

In the Motion, Plaintiff seeks permission to ask the jury panel during the voir dire examination about four areas: their attitude about tort reform, their attitude about frivolous lawsuits, their opinion about whether there is an insurance crisis, and whether they have a bias in favor of insurance companies by asking whether any of the jurors now or has ever worked in the insurance field.

█ This case is an uncomplicated case involving a claim for damages growing out of an automobile accident. Although the Defendants are insured by the Travelers Insurance Company, Travelers is not a party to the case. A special consideration in the case is that, at the time the Motion was filed, the Legislature of the State of Mississippi was embroiled in a consideration of what was generally referred to in the media as "tort reform" including certain proposals to limit punitive damages in certain cases, to limit economic damages in certain cases, and to change venue and joinder rules for cases in the state courts of Mississippi. The issue received much attention in the media, as indicated by the attachments to the Motion. A number of the proposals were enacted into law and the Court takes judicial notice that almost all of the media attention has vanished.

Analysis of the Motion requires consideration in two areas. Certainly, the Plaintiff is entitled to know whether any potential juror has a connection with the insurance industry. This is a diversity of citizenship case and the law of Mississippi applies. Under the case law of Mississippi it is impermissible to mention the subject of liability insurance coverage to the jury on penalty of the declaration of a mistrial. *See, e.g., Snowden v. Skipper,* 230 Miss. 684, 93 So.2d 834, 839 (1957). Also, pursuant to Federal Rule of Evidence 411, evidence that a person is insured is not admissible upon the issue of liability. Accordingly, it would be improper for the attorneys for the Plaintiff to inject the issue of liability insurance into this case at any time, including during voir dire or later. Thus, there is a conflict between the right of the Plaintiff's attorneys to know of any insurance bias that a potential juror might have and the right of the Defendants to not have the jury informed that the Defendants have liability insurance coverage.

█ It is the custom of this Court to have the jurors answer a questionnaire prior to the voir dire examination. Copies of the questionnaire are given to all attorneys. The questionnaire includes questions as to the place of employment of the juror and his or her spouse. This is sufficient to inform Plaintiff's attorneys as to whether a juror has a direct employment connection with the insurance industry through employment. If there are other specific questions that need to be asked, the attorneys may ask the Court for permission to ask them at voir dire.

The Plaintiff cites the case of *Kiernan v. Schaik,* 347 F.2d 775 (3rd Cir.1965) in support of her contention that her attorneys should be allowed to question the jury panel about insurance. This case is distinguishable on its facts and is not the law of this Circuit.

Accordingly, the Motion is denied to the extent that Plaintiff requests to ask the jury directly about ties to the insurance industry.

 The second area involves the Plaintiff's desire to address the areas of tort reform, frivolous lawsuits, and the "insurance crisis". This, according to the Defendants, is a thirly veiled guise to improperly influence the jury in favor of the Plaintiff. Although the attention on "tort reform" has greatly diminished, the Plaintiff is entitled to question the jury about their bias, if any, in these areas. The Court can properly limit and control the questioning in these areas at the voir dire examination. Accordingly, the Motion is granted in part as to this request to question the panel in these areas, but the Court is not approving the specific questions proposed by the Plaintiff.